IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FE'ANAH BENT MARYAM,<br>  Plaintiff,<br>                 v.<br>LSG SKY CHEFS,<br>  Defendant. | Civil Action No.<br>1:23-cv-914-SDG |

**OPINION AND ORDER**

This matter is before the Court on the Non-Final Report and Recommendation (R&R) of United States Magistrate Judge John K. Larkins III [ECF 18], which recommends that Defendant's motion to dismiss [ECF 13] be granted in part and denied in part. The R&R also recommends that Plaintiff's motion for default judgment [ECF 15] and motion to strike [ECF 16] be denied. Defendant timely filed objections to the R&R [ECF 22]. After careful consideration, Defendant's objections are **OVERRULED** and Judge Larkins' R&R is **ADOPTED** in its entirety.

**I.     BACKGROUND**

The Court incorporates by reference the thorough recitation of the facts, procedural history, and legal standard for resolving a motion to dismiss as set forth in the R&R. For purposes of this Order, the Court provides a brief summary of the pertinent facts as follows.

1

Plaintiff Fe'anah Bent Maryam's complaint alleges that, while she was employed by Defendant LSG Sky Chefs, her supervisor sexually harassed her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII").[1] Defendant, an airline catering and hospitality company, employed Plaintiff as a storekeeper for approximately two months.[2]

On December 5, 2022, Defendant fired Plaintiff for allegedly discarding food products "without proper authorization" in violation of Defendant's policies and procedures.[3] Plaintiff insists, however, that she only discarded those food products that were already spoiled.[4] Plaintiff further contends she was actually terminated for refusing her supervisor's sexual advances.[5]

Plaintiff alleges that her direct male supervisor sexually harassed her throughout the course of her employment.[6] Specifically Plaintiff alleges that her supervisor constantly flirted with her, suggested she enter into a relationship with him, and even isolated her from others to "have conversations" with her.[7] During

---

[1]   ECF 3, at 7.

[2]   *Id.* at 10.

[3]   *Id.* at 16.

[4]   *Id.* at 7, 10.

[5]   *Id.* at 10.

[6]   *Id.* at 7, 10.

[7]   *Id.* at 10.

2

the hiring process, Plaintiff was instructed to report any issues to her supervisor.[8] In response to her supervisor's actions, Plaintiff informed her supervisor that his conduct was "unwelcome[ ]."[9]

After being terminated, Plaintiff filed a charge with the EEOC on January 27, 2023.[10] The EEOC notified Plaintiff of her right to sue on February 2, 2023.[11] Plaintiff filed the instant case on March 2, 2023.[12] Plaintiff asserts that, in violation of Title VII, she was sexually harassed by her supervisor and fired as retaliation for refusing her supervisor's sexual advances.[13] Plaintiff also asserts that Defendant discriminated against her on the basis of her race and religion in violation of Title VII, and that Defendant violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), and the American Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA").[14]

---

[8]   *Id*. at 7.

[9]   *Id*. at 10.

[10]  *Id*.

[11]  *Id*. at 12.

[12]  ECF 1.

[13]  ECF 3, at 1, 10.

[14]  *Id*. at 2.

## II.     OBJECTIONS TO A REPORT AND RECOMMENDATION

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. In addressing objections, it may consider an argument that was never presented to the magistrate judge, and it may also decline to consider a party's argument that was not first presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "'[f]rivolous, conclusive, or general objections need not be considered by the district court.'" *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

4

## III.   DISCUSSION

The R&R recommends that undersigned deny Plaintiff's motions for default judgment and to strike.[15] The R&R further recommends that undersigned grant Defendant's motion to dismiss on all of Plaintiff's claims except for her Title VII claim for sexual harassment.[16] No party objected to the recommendations set forth in the R&R with regard to Plaintiff's motion for default judgment, motion to strike, or Defendant's motion to dismiss Plaintiff's Title VII retaliation claim, and Title VII, ADEA, and ADA claims based on Plaintiff's race, religion, age, or alleged disability.[17] In the absence of objections, and under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, undersigned reviewed those portions of the R&R for plain error and found none.

The only objection properly raised by either party was by Defendant concerning the recommendation that Plaintiff's Title VII claim for sexual harassment survive dismissal. Undersigned concludes that the R&R applied the correct pleading standard to Plaintiff's sexual harassment claims and

---

[15]   ECF 18.

[16]   *Id.*

[17]   *Id.*

appropriately determined that she pleaded a tangible employment action harassment claim.[18]

> **Plaintiff pled sufficient facts to support a Title VII sex discrimination claim based on a tangible employment action harassment theory.**

Defendant first objects that Plaintiff pleads only "vague statements and legal conclusions."[19] It argues that "Plaintiff recounts her brief time as an employee of Sky Chefs, merely alleging in a conclusory manner" that her supervisor sexually harassed her.[20] According to Defendant, Plaintiff's EEOC charge and her form complaint do not provide any support for her alleged discrimination claims because they are too focused on Plaintiff's violation of company policy.[21] Defendant next objects that the R&R incorrectly interprets the facts supplied by Plaintiff to craft "a theory of a claim unsupported by Plaintiff's conclusory allegations."[22]

A plaintiff in an employment discrimination case is "not required to set out a *prima facie* case in a complaint" to survive a motion to dismiss. *McCullough v. Bd. of Regents of the Univ. Sys. of Ga.*, 623 F. App'x 980, 982 (11th Cir. 2015) (citing

---

[18]  *Id.* at 16.

[19]  ECF 22, at 6.

[20]  *Id.* at 6–7.

[21]  *Id.* at 7.

[22]  *Id.* at 8.

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–11 (2002)). However, a plaintiff still must meet the federal pleading standard and state a plausible claim for relief. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300–01 (11th Cir. 2010). *See also Andrews v. City of Hartford*, 700 F. App'x 924, 926 (11th Cir. 2017) ("[A] complaint must allege sufficient facts to allow the court to draw the reasonable inference that the employer engaged in discrimination."). And where, like here, a plaintiff is proceeding *pro se*, the Court must construe the Complaint leniently and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted) (quotation marks omitted).

Judge Larkins correctly stated the law on Title VII sex discrimination claims in the R&R and the Court will not recount that thorough recitation in detail here.[23] In short, to bring a sexual harassment claim under Title VII, a plaintiff must show:

> (1) that she belongs to a protected group; (2) that she has been subjected to unwelcome sexual harassment; (3) that the harassment was based on her sex; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that a basis for holding the employer liable exists.

---

[23] ECF 18, at 12–16.

*Hulsey v. Pride Rests., LLC*, 367 F.3d 1238, 1244 (11th Cir. 2004). There are two theories of liability a plaintiff can use to establish the fourth factor: the tangible employment action theory and the hostile work environment theory. *Id.* at 1245–1246. The tangible employment action theory applies in this case.

Sexual harassment in the workplace can alter the "terms and conditions of employment" if the employee's refusal to submit to a supervisor's sexual demands results in a tangible employment action being taken against her. *Id.* at 1245. Such actions include, among other things, firing an employee. *Id.* Under this tangible employment action theory, an employer is liable if it, even unknowingly, "permits a supervisor to take a tangible employment action against an employee because she refused to give in to his sexual overtures." *Id.*

In her EEOC charge and form complaint, Plaintiff argues that her supervisor sexually harassed her.[24] She alleges that her supervisor consistently flirted with her and made her uncomfortable with his statements.[25] Plaintiff further alleges that her supervisor isolated her from others to speak to her and encouraged her to enter into a relationship with him.[26] Viewing the facts alleged in the light most favorable to Plaintiff, it is certainly plausible that but for Plaintiff's sex, Plaintiff

---

24   ECF 3, at 7, 10.

25   *Id.*

26   *Id.* at 10.

"would not have been the object of harassment." *Henson v. City of Dundee*, 682 F.2d 897, 904 (11th Cir. 1982). Liberally construing the complaint and its exhibits due to Plaintiff's status as a *pro se* litigant, Plaintiff has sufficiently alleged that her supervisor—whose sexual advances Plaintiff refused—fired her for violating company policy when she had not.[27] While Defendant provided Plaintiff with a disciplinary notice asserting that she was fired for discarding food products without authorization, the Court must accept as true at this stage Plaintiff's assertion that she did not violate company policy.[28] Plaintiff insists throughout her complaint and EEOC charge that she "was given the ok to discard the products" and that the "only food products [she] discarded were those that were spoiled foods, per the employee handbook."[29] Plaintiff's focus on her alleged violations of company policy demonstrates that there was another plausible reason for her termination: her refusal of her supervisor's sexual advances.[30] At this stage, the Court agrees with the R&R's conclusion that Plaintiff pled sufficient facts to state a claim for tangible employment action harassment based on sex.

---

[27] *Id.* at 7, 10.

[28] *Id.* at 7, 10, 16.

[29] *Id.* at 7, 10.

[30] *Id.*

Finally, Defendant objects that Plaintiff failed to allege any facts showing that her continued employment was "conditioned upon" her submitting to her supervisor's sexual demands.[31] Tangible employment action harassment, however, involves acceptance or rejection of either "an express or *implied* condition to the receipt of a job benefit" to create liability. *Henson*, 682 F.2d at 909 (emphasis added). In other words, "a causal link between the tangible employment action and the sexual harassment" must exist. *Cotton v. Cracker Barrel Old Country Store, Inc.*, 434 F.3d 1227, 1231 (11th Cir. 2006). This causal link may involve a genuine issue of fact when there is "temporal proximity between the harassment and a tangible employment action." *Id.* at 1232.

In her complaint and EEOC charge, Plaintiff contends that her supervisor constantly made sexual advances towards her to the point that he even suggested she enter into a relationship with him.[32] Plaintiff further contends that she informed him his conduct was unwelcome and that she was "not interested."[33] The Court reads the complaint and exhibits as Plaintiff alleging that, soon after she rejected her supervisor's sexual advances, he fired her. More specifically, Plaintiff

---

[31]  ECF 22, at 9–11.

[32]  ECF 3, at 7, 10.

[33]  *Id.*

alleges that—within the span of two months—she was hired, subjected to constant sexual harassment, and then fired after rejecting her supervisor's advances.[34]

In support of its objection that Plaintiff failed to allege that her continued employment was conditioned upon her submitting to her supervisor's sexual advances, Defendant cites to a number of cases.[35] This Court, however, finds those cases easily distinguishable from the instant case. For example, Defendant relies on *Carwell v. PNC Bank, N.A.*, No. 1:18-CV-1184-TWT-JKL, 2018 WL 11483367 (N.D. Ga. Oct. 19, 2018), *report and recommendation adopted*, 2018 WL 11483360 (N.D. Ga. Dec. 10, 2018). But in *Carwell*, the court dismissed Plaintiff's tangible employment action claim because there was *no* allegation of a tangible employment action. The court specified that, even if the plaintiff's allegations were construed to be gender-specific, the plaintiff did not have a claim because "her manager simply sought something from [p]laintiff in return for already having hired her, but did not promise any benefit or threaten any detriment going forward, much less actually make an adverse employment decision regarding [p]laintiff." *Id*. at *4.

---

[34] *Id*. at 10.

[35] ECF 22, at 10–11.

In stark contrast, here, Plaintiff was fired from her job, allegedly after rejecting her supervisor's advances.[36] Due to the short timeline in which these events occurred, Plaintiff's allegations of her supervisor's sexual advances, and her insistence that she did not violate company policy, undersigned cannot find that Plaintiff's allegations of sexual harassment are subject to dismissal at this stage.

## IV.   CONCLUSION

The Court **OVERRULES** Defendant's objections [ECF 22] and **ADOPTS** the R&R [ECF 18] in its entirety as the Order of this Court. Accordingly, Defendant's motion to dismiss [ECF 13] is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's sole claim of Title VII sexual harassment may proceed; Plaintiff's remaining claims are dismissed. Further, Plaintiff's motion for default judgment [ECF 15] and Plaintiff's motion to strike [ECF 16] are **DENIED**.

---

[36]   ECF 3, at 16.

Defendant is **ORDERED** to Answer the surviving portions of Plaintiff's Complaint [ECF 3] within 14 days of this Order. The parties are **ORDERED** to file a Joint Preliminary Report and Discovery Report within 14 days of Defendant's Answer.

**SO ORDERED** this 20th day of March, 2024.

Steven D. Grimberg
United States District Judge